INDIANA DEPARTMENT OF STATE REVENUE, GROSS INCOME TAX
DIVISION *v.* LYALL ELECTRIC, INC.

[No. 3-876A193. Filed July 2, 1979. Rehearing denied September 11, 1979.
Transfer denied November 27, 1979.]

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy
Attorney General, for appellant.

*Miles C. Gerberding, James M. Prickett,* of Ft. Wayne, for appellee.

Garrard, P.J. — The Gross Income Tax Division of the State Department
of Revenue appeals from the decision of the trial court that Lyall Elec-
tric, Inc. was entitled to a refund for tax it paid on receipts which should
not have been included as income in its return.

Lyall is the successor to a parent corporation of a group of affiliated
corporations. Its predecessor filed a consolidated return in 1969 which
is the subject of this appeal. Lyall urges that it may, under IC 6-2-1-14,
eliminate from its computation of gross income any income which it
received from the sale of services to its affiliates. The state argues that
income derived from sales of property, rentals, interest and dividends
may be eliminated, but that the statute does not authorize elimination
of income from sales of services.

After this suit was instituted, IC 6-2-1-14 was amended in one signifi-
cant respect. It now provides that a consolidated

"... return shall include only the gross income of such members of the affiliated group as are incorporated in the state of Indiana or duly authorized to do business therein. The affiliated group will be allowed only one [1] exemption [deduction] upon a consolidated return as provided in IC 1971, 6-2-1-6. *In such consolidated return there may be eliminated from the gross income only that portion which is received from transactions between such members as are incorporated in the state of Indiana or duly authorized to do business therein, and also interest, rentals and dividends paid by one [1] such corporate member to another*; Provided, however, That no such sales made, or other income earned, outside the state of Indiana may be eliminated under this section: Provided, further, That gross receipts of any member of the affiliated group which are received in distribution in connection with the dissolution of any other member of the group shall not be permitted to be eliminated under this section." (Emphasis added)

The word "transactions" has been substituted for "sales of property" and broadens the application of the statute to include sales of things other than property. Since passage of the amendment, Lyall's sales of services to its affiliates could properly be eliminated from gross income. The question remains whether it was entitled to eliminate such income before the amendment.

In brief, the state's argument is that in certain situations sales of services have different tax consequences than do other sales. Because of this, and the fact that sales of services are not specifically included in IC 6-2-1-14, the legislature intended that such sales not be eliminated from gross income. The department has so interpreted the statute in its instructions.

Lyall contends the purpose of IC 6-2-1-14 is to distinguish between Indiana and non-Indiana corporations, not between types of income received between affiliated Indiana corporations. Lyall points out that income received by one affiliate from another affiliate is simply a payment from one of the consolidated corporation's pockets to another pocket. In effect it is a payment by the taxpayer to the taxpayer. Lyall contends, therefore, that the department's instruction which forbids elimination of income from sales of services is not consonant with the intent of the legislature, exceeds the department's authority and creates an unreasonable classification which denies Lyall equal protection.

It is clear that IC 6-2-1-14 permits elimination of certain income from gross income solely because of the nature of the taxable entity. While sales of services and sales of property may receive different tax treatment under other parts of the Gross Income Tax Act, there is a distinction between the taxable events involved in those sections and IC 6-2-1-14. The income received from sales of services or property which is taxed elsewhere in the Act is generated from a source or sources outside the taxable entity. In the case of affiliated corporations, the source and the recipient of the income is the taxable entity. The question then arises whether there is a reason to treat certain receipts as income and to eliminate others from income merely because the acts generating the receipts differ. The state offers no reason, nor is one apparent from reading the statute. Acts generating income among affiliated corporations are mere transfers from one member to another, or as stated above, from the taxpayer to the taxpayer. The department's instruction, therefore, makes an unreasonable distinction between these transfers and is invalid.

Admittedly, it can be argued that the statute before its amendment supported the department's position. Without considering the correctness of such an argument, we note that if a statute is susceptible of both a constitutional and an unconstitutional interpretation, the courts will apply the former. We, therefore, view the former version of IC 6-2-1-14 as permitting elimination of services income and view the amendment as one intended not to change its meaning, but to express more clearly the legislature's original intent. *See Economy Oil Corp. v. Indiana Dept. of State Revenue* (1974), 162 Ind.App. 658, 321 N.E. 2d 215, 219.

Affirmed.

Hoffman, J. and Staton, J. concur.

Note—Reported at 411 N.E.2d 685.