655 N.E.2d 1271 (1995)
ASSOCIATED INSURANCE COMPANIES, INC. and subsidiaries, Petitioners,
v.
INDIANA DEPARTMENT OF STATE REVENUE, Respondent.
No. 49T10-9405-TA-00152.
Tax Court of Indiana.
September 29, 1995.
Stephen H. Paul, David A. Given, Brian S. Fennerty, Baker & Daniels, Indianapolis, for petitioners.
Pamela Carter, Attorney General, Brian D. Scott, Deputy Attorney General, Indianapolis, for respondent.
FISHER, Judge.
Associated Insurance Companies, Inc. (AICI) and several of its subsidiaries appeal the final determination of the Indiana Department of State Revenue (the Department) partially denying the application of the Indiana Comprehensive Health Insurance Association (ICHIA) tax credit against their consolidated gross income tax liability.

ISSUE
Whether an ICHIA member may apply its ICHIA credit against the full amount of its consolidated gross income tax liability.

*1272 FACTS AND PROCEDURAL HISTORY

ICHIA is a non-profit legal entity that provides health insurance to Indiana residents who cannot obtain private insurance. IND.CODE 27-8-10-2(a).[1] All health insurance carriers, prepaid health care delivery plans, and self-insurers providing health insurance or health care services in Indiana are required to be members of the ICHIA. Id.
Because it is statutorily required to charge "reasonable rates"[2] for the insurance it provides, the ICHIA usually generates losses rather than profits. It recoups these losses by making assessments to its members in proportion to the amount of health insurance premiums that the member earned in Indiana during the calendar year. IC XX-X-XX-X(g). Each member may then take a credit against its income tax liability up to the aggregate amount of assessments paid to the ICHIA. IC XX-X-XX-X(n)(i). This credit may be carried forward if necessary. Id.
AICI, an Indiana corporation, is a member of the ICHIA. AICI wholly owns another member, Health Maintenance of Indiana (HMI), as well as several other Indiana corporations which are not ICHIA members. AICI, HMI, and these other Indiana corporations constitute a single affiliated group under IND.CODE 6-2.1-6-5(a), and file a consolidated gross income tax return under IC 6-2.1-5-5(b).[3]
For tax years 1986-1988, AICI and HMI both earned ICHIA credit in an amount greater than the gross income tax liability arising from their income. AICI and HMI applied these "excess" credits against the gross income tax liability attributable to the other corporations in their affiliated group. In other words, AICI and HMI applied the credits against the total gross income tax liability on their affiliated group's consolidated return. Subsequently, the Department audited the affiliated group, and issued a final determination disallowing the credit to the extent it exceeded the tax liability arising from the income of AICI and HMI alone. The affiliated group filed a timely original tax appeal from that final determination.

STANDARD OF REVIEW
The court reviews appeals from the Department de novo, which means that the court is bound neither by the evidence nor the issues presented at the administrative level. Mechanics Laundry & Supply, Inc. v. Indiana Dep't of State Revenue (1995), Ind. Tax, 650 N.E.2d 1223, 1227. The parries in this case have filed cross motions for summary judgment. A motion for summary judgment may be granted only when no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. Koufos v. Indiana Dep't of State Revenue (1995), Ind.Tax, 646 N.E.2d 733, 735; Ind.Trial Rule 56(C). The standard for granting summary judgment does not change when cross motions for summary judgment have been filed. Roehl Transport, Inc. v. Indiana Dep't of State Revenue (1995), Ind. Tax., 653 N.E.2d 539, 541.

DISCUSSION AND ANALYSIS
While the parties do not dispute the facts in this case, they do dispute how the law applies to the facts. Specifically, they differ on how the ICHIA credit is applied in the context of an affiliated group filing a consolidated gross income tax return. AICI asserts that the credit may be applied against the gross income tax liability of a member's entire affiliated group. The Department argues that the credit may be applied against gross income tax liability arising from the member's income only. Each party relies on *1273 language in the ICHIA credit subsection. That subsection provides:

Members who . . . have paid one (1) or more assessments levied under this chapter may . . .:
(i) take a credit against premium taxes, gross income taxes, adjusted gross income taxes, supplemental corporate net income taxes, or any combination of them, or similar taxes upon revenues or income of member insurers that may be imposed by Indiana, up to the amount of the taxes due for each calendar year in which the assessments were paid and for succeeding years . . .
IC XX-X-XX-X(n)(i) (emphasis added).
AICI maintains that the language "[m]embers. . . may . . . [t]ake a credit . . . up to the amount of the taxes due" controls this case. It argues that the amount of tax "due" from a member filing a consolidated gross income tax return with an affiliated group is the full amount of tax liability on the consolidated return. To support this interpretation, AICI cites IC 6-2.1-5-5(c), which imposes joint and several liability on each affiliate for the full amount of taxes due on the consolidated gross income tax return.
The Department alleges that the language "[m]embers . . . may . . . take a credit against . . . gross income taxes . . . or similar taxes upon revenues or income of member insurers" is dispositive. It maintains that "members" and "of member insurers" will be nullified if a non-member is permitted to take the credit. Additionally, the Department points out that the adjusted gross income tax consolidated filing statute explicitly states that affiliates may share credits, while the gross income consolidated filing statute does not mention credits at all. See IND.CODE 6-3-4-14(d); IC 6-2.1-5-5.[4] The Department argues that this omission from the gross income statute was intentional, and concludes that the legislature did not intend to permit the sharing of credits in the gross income context.[5]
The court's foremost goal in construing a statute is to give effect to the true intent of the legislature. Caylor-Nickel Clinic v. Indiana Dep't of State Revenue (1991), Ind.Tax, 569 N.E.2d 765, affd 587 N.E.2d 1311. The true intent of the legislature is best evidenced by the language in the statute. F.A Wilhelm Constr. Co., Inc. v. Indiana Dep't of State Revenue (1992), Ind. Tax, 586 N.E.2d 953, 956. In interpreting statutory words and phrases, the court gives them their plain, ordinary, and usual meaning. Shoup Buses v. Indiana Dep't of State Revenue (1994), Ind.Tax, 635 N.E.2d 1165, 1168. The plain, ordinary, and usual meaning of a word is generally found in a dictionary. Mechanics Laundry, 650 N.E.2d at 1228.
As stated earlier, a member may take the credit "up to the amount of taxes due." The plain, ordinary, and usual meaning of "due" is "that which one contracts to pay or perform to another; . . . The word `due' always imports a fixed and settled obligation or liability." Black's Law Dictionary 448 (5th ed. 1979). Another dictionary provides that "due" means "a payment or obligation required by custom, law, morality, or ethics." Webster's Third New International Dictionary 699 (1981). Taken together, these definitions indicate that "due" is a broad term which connotes a legal obligation to pay.
The gross income tax consolidated filing statute provides that each corporation participating in a consolidated filing is jointly and *1274 severally liable for the full amount of the affiliated group's gross income tax liability. IC 6-2.1-5-5(c). In the case at bar, if any or all of the other affiliates fail to pay their portion of the consolidated gross income tax, the Department has a right to obtain full payment from AICI and/or HMI. The Department could seek such contribution because each corporation has a legal obligation to pay the full amount of the consolidated gross income tax liability. See id.
A broad interpretation of "due" is consistent with the policy and goals of the ICHIA statutes in general and the credit subsection in particular. See Indiana State Bd. of Registration for Professional Engineers and Land Surveyors v. Nord (1992), IndApp., 600 N.E.2d 124, 128 (courts should construe statutes in a manner that is consistent with statutory policies and goals). The policy behind the ICHIA is to ensure that health insurance is available to all Indiana residents. In order to carry out its operations and implement its policy, the ICHIA makes assessments to health insurers in Indiana. The credit subsection gives health insurers an opportunity to recoup the assessments. If the credit did not exist, companies would be discouraged from participating in the Indiana health insurance market, and the policy behind the ICHIA would not be served. Correspondingly, an interpretation of "due" which limits the availability of the credit is adverse to the policy behind the statute.
The Mississippi Supreme Court recently interpreted "due" in a statutory context that is strikingly similar to the case at bar. General Motors Corp. v. Mississippi State Tax Comm'n (1987), Miss., 510 So.2d 498. In GM, GM and its subsidiaries filed a consolidated return under Miss.Code Ann. § 27-7-37(2) (Supp.1979). One subsidiary had generated income tax credit in an amount greater than the income tax arising from its operations. The Mississippi Tax Commission sought to limit application of the credit to tax attributable to the subsidiary's income only. Id. at 498-99. The relevant statute provided that the subsidiary could take the credit up to the "total amount of income tax due." Id. at 501 (emphasis added).
The Court held that the amount of income tax "due" from the subsidiary was the "total amount of income tax due by the entire affiliated group." Id. The Court explained:
the critical factor [in determining the meaning of "due"] is that the consolidated return devicewhich is optional with organizations such as GMprovides for joint and several liability upon the corporate groups electing the procedure . . . By filing a consolidated return, [the subsidiary] became legally obligated to pay the aggregate income tax liability of the GM affiliated group, whether those taxes arose from its Mississippi operations or from those of other corporations in the affiliated group.
Id. at 500. Thus, the Mississippi Supreme Court concluded that the amount of income taxes "due" from a corporation in an affiliated group filing a consolidated return is the total amount of income taxes due from the entire group. This court finds the rationale and decision in GM persuasive. See In re Nomination of Parker (1991), IndApp., 580 N.E.2d 1006, 1008 (courts often look to decisions in other jurisdictions as persuasive authority).
Furthermore, this court is persuaded that the spirit and intent of the gross income tax consolidated filing statute permits affiliates to share credits on their consolidated return. The court must consider this spirit and intent since statutes which relate to the same subject matter must be construed in harmony if possible. See Marion County Sheriff's Merit Bd. v. People's Broadcasting Corp. (1989), Ind., 547 N.E.2d 235, 237. See also Inman v. Farm Bureau Ins. (1992), IndApp., 584 N.E.2d 567, 569, fn. 3 (courts presume that the legislature is cognizant of statutes concerning the same subject matter).
The spirit and intent of the gross income tax consolidated filing statute is to treat an affiliated group as a single taxpayer. The individual provisions evidence this spirit and intent. For example, the corporations collectively file only one return. IC 6-2.1-5-5(b). The affiliated group is allowed only one standard deduction, rather than one standard deduction per corporation. IC 6-2.1-4-1(d). *1275 Each corporation is jointly and severally liable for the gross income tax liability of the entire group. IC 6-2.1-5-5(c). Additionally, transactions between corporations in the group are not counted toward gross income. IC 6-2.1-6(a).
The Indiana Court of Appeals has also explained that the spirit and intent of the gross income tax consolidated filing statute is to treat an affiliated group as a single taxpayer. Indiana Dep't of State Revenue v. Lyall Elec, Inc. (1980), 181 Ind.App. 262, 411 N.E.2d 685. In Lyall, the court considered whether intragroup transfers of services were deductible from gross income. At the time the case arose, the consolidated filing section explicitly provided that intragroup sales of property could be deducted, but did not mention services. Id at 686.
A logical interpretation of that section would have been that services were not deductible. See Duda v. New Prairie United School Corp. (1967), 140 IndApp. 528, 542, 224 N.E.2d 327, 335 (when certain items are specified or enumerated in a statute, then, by implication, other items not so specified are excluded). Nevertheless, the court held that services were deductible. It relied heavily on the "single taxpayer" policy behind the gross income tax consolidated filing statute:
In the case of affiliated corporations, the source and the recipient of the income is the taxable entity. The question then arises whether there is a reason to treat certain receipts as income and to eliminate others from income merely because the acts generating the receipts differ. The state offers no reason, nor is one apparent from the reading of the statute. Acts generating income among affiliated corporations are mere transfers from one member to another, or as stated above, from the taxpayer to the taxpayer.
Lyall 411 N.E.2d at 687 (emphasis added).
In order to treat the affiliated group as a single taxpayer in this case, the credit must apply to the full amount of the affiliated group's consolidated gross income tax liability. To do otherwise would require AICI and HMI to compute separate, hypothetical gross income tax liabilities, apply the credit against that hypothetical gross income tax liability, and then add any remainder to the liability of the group. If the legislature had intended such a departure from the established policy concerning gross income consolidated filings, it would have included explicit language in the ICHIA credit provision to that effect.
The language which the Department cites does not clearly indicate that the legislature intended to depart from its "single taxpayer" policy. First, the Department argues that the term "[m]embers" at the beginning of the credit provision will be nullified if a nonmember takes the credit. This objection is readily answered, however, because it is a member that takes the credit up to the amount of taxes due.
Next, the Department argues that the words "of member insurers" will be nullified if the credit is applied to gross income taxes upon the income of a non-member. Here, the Department assumes that the phrase "gross income taxes" is modified by the words "of member insurers." These words, however, only modify the larger phrase "or similar taxes upon revenues or income of member insurers." See Sutherland Stat. Const. § 47.33 (5th Ed.1992) ("[Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.") The larger phrase only applies to new kinds of income taxes which may be imposed in the future, and does not modify the phrase "gross income taxes."
The Department also points out that the adjusted gross income tax statute expressly permits the sharing of credits on a consolidated return, while the gross income tax consolidated filing statute does not mention credits at all. See IC 6-2.1-5-5; IC 6-3-4-14(d). The Department concludes that legislature did not intend to permit the sharing of credits on a consolidated gross income tax return. In response, AICI notes that the adjusted gross income statute was enacted nearly thirty years after the gross income tax statute. Acts 1937, ch. 117, § 9; Acts 1965, ch. 233, § 24. It concludes that the adjusted gross income statute codifies the way in which the legislature thought the gross income tax statute was being applied.
*1276 The court is not convinced, however, that the adjusted gross consolidated filing statute provides any clear insight into the meaning of the gross income consolidated filing statute. Each statute is structured in a fundamentally different way. The adjusted gross statute relies on federal law for defining key terms and providing regulations.[6] In contrast, the gross income statute establishes its own definitions, and does not make any federal references. IC 6-2.1-5-5. Thus, the legislature was concerned with federal developments when it enacted the adjusted gross income statute. Indeed, it may have only mentioned the sharing of credits to prevent changes in federal law from interfering with its intention to treat an affiliated group filing a consolidated return as a single taxpayer.

CONCLUSION
For the foregoing reasons, AICI and HMI are entitled under IC XX-X-X-XX(n) to apply their ICHIA credit against the entire consolidated gross income tax liability of their affiliated group. The Petitioners' Motion for Summary Judgment is GRANTED.
NOTES
[1] In 1990, the General Assembly repealed IC XX-X-XX-X and replaced it without substantive change with IND.CODE 27-8-10-2.1. See P.L. 1-1990, §§ 261, 262. This opinion, however, refers to IC XX-X-XX-X since it was the statute in effect during the years at issue in this case.
[2] The board of directors of the ICHIA sets the rates, subject to the approval of the insurance commissioner. These premium rates may not exceed 150% of the average standard premium rate charged by the five carriers with the largest premium volume in the state during the preceding calendar year. IC XX-X-XX-X(f).
[3] While "member" is commonly used to refer to a corporation within an affiliated group, this opinion uses the term to refer to an ICHIA member only.
[4] It should be noted that the gross income tax, at issue in this case, is a separate and distinct tax from the adjusted gross income tax. A corporation will effectively pay either the gross income tax or the adjusted gross income tax, whichever is greater. See 1 Ind.Tax Rep. (CCH) ¶ 14,510 (June 1994).
[5] The Department also argues that this court is required to give effect to its interpretation of the ICHIA credit provision. See Indiana Dep't of State Revenue v. Bulkmatic Transport Co. (1995), Ind., 648 N.E.2d 1156, 1158 (the Department's longstanding interpretation of its own regulation should be given great weight if the meaning of the regulation is unclear). This case falls outside the scope of Bulkmatic, however, since it does not concern the Department's interpretation of a regulation, but rather the Department's interpretation of a statute. The Department's interpretation of a statute is accorded no weight if it is incorrect. Johnson County Farm Bureau v. Indiana Dep't of State Revenue (1991), Ind.Tax, 568 N.E.2d 578, 586, affd 585 N.E.2d 1336.
[6] For example, "affiliated group" is defined according to 26 U.S.CA. § 1504; "taxable income" is defined according to 26 U.S.CA. § 63; and all corporations in the affiliated group agree to be bound by the regulations flowing from 26 U.S.CA. § 1502. See IC 6-3-4-14.