Attorneys for Appellant

Pamela Carter

Attorney General of Indiana

Brian D. Scott

Deputy Attorney General

Indianapolis, IN 46204-2770

Attorneys for Appellees

Stephen H. Paul

Brian S. Fennerty

Baker & Daniels

Indianapolis, IN 46204

IN THE

INDIANA SUPREME COURT

INDIANA DEPARTMENT OF STATE REVENUE, 

Appellant (Respondent Below),

v.

ASSOCIATED INSURANCE COMPANIES, INC. and SUBSIDIARIES,

Appellees (Petitioners Below).

) 

) 

)

) 

) Supreme Court No.

) 49T10-9405-TA-00152

)

)

)

)

)

APPEAL FROM THE INDIANA TAX COURT

The Honorable Thomas G. Fisher, Judge

Cause No. 49T10-9405-TA-00152

ON  PETITION  FOR  REVIEW

SULLIVAN,  Justice, dissenting.

The Indiana Tax Court has held that a special tax credit provided by the insurance code to members of the Indiana Comprehensive Health Insurance Association (“ICHIA”) may be used to reduce the tax liability not only of ICHIA members but also of affiliated corporations.  
Associated Ins. Cos., Inc. v. Indiana Dep’t of State Revenue
, 655 N.E.2d 1271 (Ind. Tax 1995).  Our Court has denied the State Revenue Department’s request to review the Tax Court’s decision.  I respectfully dissent.

The Indiana Comprehensive Health Insurance Association is a highly specialized health insurance provider.  It was created by the legislature (not the private sector) in 1981
(footnote: 1) for the essential purpose of providing health insurance coverage for certain Hoosiers who have proved to be high insurance risks.  
Indiana Comprehensive Health Ins. Ass’n v. Dye
, 531 N.E.2d 505, 506 (Ind. Ct. App. 1988).  The basic eligibility requirements for ICHIA coverage are that the prospective insured be an Indiana resident, not have any current health insurance coverage, and have been rejected for standard health insurance coverage by two private health insurers.  Ind.Code § 27-8-10-2(a) & 5(a); 
Dye
, 531 N.E.2d at 506.  Once these conditions are met, ICHIA cannot reject an application.  Ind.Code § 27-8-10-5(a); 
Dye
, 531 N.E.2d at 506.  After a policy has been issued, ICHIA is obligated to renew the policy until the insured becomes eligible for Medicare coverage and may not increase premiums except on a class basis after full disclosure.  Ind.Code § 27-8-10-6.

The statute mandates that, as a condition of writing health insurance in Indiana, each health insurance carrier is required to be a “member” of ICHIA, Ind. Code § 27-8-10-2(a); and to pay annual assessments to ICHIA (in proportion to each carrier’s Indiana business) in order to cover ICHIA losses during the preceding calendar year, Ind. Code § 27-8-10-2(g).  The statute provides that each “member” of ICHIA is entitled to:

[T]ake a credit against premium taxes, gross income taxes, adjusted gross income taxes, or any combination of them, or similar taxes upon revenue or income of member insurers that may be imposed by Indiana, up to the amount of taxes due for each calendar year in which the assessments were paid and for succeeding years until the aggregate of those assessments have been offset by either credits against those taxes or refunds from the association.

Ind.Code § 27-8-10-2(n)(i).
(footnote: 2)  Member insurers are provided with a “state action” exemption from anti-trust liability with respect to their participation in ICHIA.  Ind.Code § 27-8-10-8.

As such, the legislature has mandated a highly specialized health insurance program for otherwise uninsurable Hoosiers.  Indiana health insurers provide the cash flow for underwriting the ICHIA program but, because of the credit or offset provision, the insurers are reimbursed for their outlays
(footnote: 3) and the ultimate losses sustained by the program are born by the state general fund.
(footnote: 4)

At the times relevant, Associated Insurance Companies, Inc. ("Associated"), and Health Maintenance of Indiana ("HMI"), a wholly-owned subsidiary of Associated, were health insurance carriers and, as such, members of ICHIA.  For state gross income tax purposes, Associated and its subsidiaries (including HMI) constituted a single affiliated group under Ind. Code § 6-2.1-5-5(a)(1982) and filed a consolidated gross income tax return under Indiana Code § 6-2.1-5-5(b)(1982).  Central to this case is the undisputed fact that some of Associated's subsidiaries other than HMI were not health insurance carriers and so not members of ICHIA.  In tax years 1986, 1987, and 1988, the ICHIA assessments paid by Associated and HMI exceeded the gross income tax liability attributable to those two entities.  Associated and its subsidiaries claimed the assessments as a credit against the total tax liability on the consolidated returns, thereby utilizing ICHIA assessments to offset the tax liability generated by non-ICHIA members. 

In auditing the returns for those years, the Department of State Revenue disallowed the ICHIA credit to the extent it exceeded the tax liability attributed to Associated and HMI, finding the credit could not be applied to the tax liability of non-ICHIA members in the group.  Associated and subsidiaries appealed to the Tax Court.  The parties agreed that there was no genuine issue as to any material fact and filed cross-motions for summary judgment.  The Tax Court entered summary judgment in favor of Associated and subsidiaries, reversing the determination of the Department.  
Associated Ins. Cos.
, 655 N.E.2d at 1276.

The Department petitioned this Court for review of the Tax Court's decision.  A majority of the members of this Court have voted to deny the Department's petition for review.  I respectfully dissent for two reasons.

I

Regardless of our ultimate outcome on the merits, I think the particular subject matter of this case warrants review.  While "[t]his Court extends cautious deference to decisions within the special expertise of the Tax Court," 
Indiana Dept. of State Revenue v. Safayan
, 654 N.E.2d 270, 272 (Ind. 1995), absolutely central to the resolution of this dispute is interpreting provisions of the Indiana insurance code.  While this case is clearly within the exclusive jurisdiction of the Tax Court, 
see generally
 
State v. Sproles
, 672 N.E.2d 1353, 1356 (Ind. 1996), I cannot attribute to the Tax Court "special expertise" in the interpretation of the insurance code.  It seems to me that where a legal determination on an issue not involving the tax code is central to a Tax Court decision, this Court's standard of review should be no different than it would be of a determination of the same issue by any other Indiana court.  Here an issue of insurance law was central to the Tax Court's determination.  Accordingly, although the summary judgment is clothed with a presumption of validity and the appealing party bears the burden of persuasion, we should follow our standard practice in reviewing summary judgments entered by courts below,
(footnote: 5) rather than extending the judgment “cautious deference.” 

II

At this stage of the proceedings, neither party has fully briefed or argued its position on the merits to this Court.  
See
 Ind. Appellate Rule 18(E) (providing for the filing of preliminary briefs in support of and opposition to petitions for review).  However, my review of the papers filed both in our Court and in the Tax Court lead me to believe that the prospects for the Department's success on the merits are sufficient to warrant granting the petition for review and allowing the case to proceed to full briefing and argument.   

First, the ICHIA statute provides that credits for ICHIA assessments may be taken against  "taxes upon revenues or income of 
member insurers
."  Ind. Code § 27-8-10-2(n)(i) (emphasis supplied).  The effect of the Tax Court decision is to extend the tax credit beyond "member insurers" to non-ICHIA members that happen to be a part of an affiliated group filing a consolidated tax return with an ICHIA member.  The legislature has not provided for extending ICHIA assessment credits to member insurers’ corporate brothers and sisters that are not in the health insurance business at all; the Tax Court’s conclusion that the statute does so warrants review.

Second, and more important, even a relatively cursory review of the ICHIA statute makes clear that, while using the words “tax credit,” this is no conventional tax credit program.  Rather, in the words of our Court of Appeals, its “essential purpose is to provide health insurance coverage for certain high risk individuals.”  
Dye
, 531 N.E.2d at 506.  Health insurers are 
required
 to be members of ICHIA.  They are 
required
 to pay assessments to underwrite ICHIA’s costs.  But because the legislature has determined that participation in ICHIA is to be a “wash” for member insurers, those insurers are entitled to reimbursement for their assessments from the state general fund.  The mechanism for such reimbursement is claiming a dollar-for-dollar “credit” or “offset” against “taxes upon revenues or income of member insurers that may be imposed by Indiana,” up to each respective insurer’s total liability for that year and then carried over until the insurer has been reimbursed in full.   The legislature’s intent here is to provide reimbursement for mandated expenditures to those so mandated, not tax benefits to either those mandated or members of those mandated’s corporate family.

This is made clear, I think, if we contrast a conventional tax credit.  I use the example of the Historic Rehabilitation Credit, Ind.Code § 6-3.1-16-1 
et seq.
 (1993), but there are many others.
(footnote: 6)  In contrast to the ICHIA program where the ICHIA assessments are 
mandatory
, participation in the historic rehabilitation program is 
optional
 — the historic rehabilitation statute provides a tax credit to taxpayers who elect to complete the preservation or rehabilitation of historic property.  Ind.Code § 6-3.1-16-7 (1993).  In contrast to the ICHIA program where there is no statutory limit on the amount of ICHIA assessments that may be recouped in a single year, the historic rehabilitation statute limits the dollar amount of the credit that can be claimed in any one year.  Ind.Code § 6-3.1-16-14 (1993).  In contrast to the ICHIA statute which contains only a generic reference to the taxes that may be “offset” by assessments, the historic rehabilitation statute contains explicit cross-references to the tax statutes and places the administration of the credit under the State Revenue Department.  Ind.Code § 6-3.1-16-6 & 15 (1993).  In contrast to the ICHIA credit or offset which is authorized in the insurance code, the historic rehabilitation credit is authorized in the tax code.  Ind.Code § 6-3.1-16-1 
et seq.
 (1993).

A conventional tax credit mechanism provides a tax benefit in return for the taxpayer making certain optional expenditures the legislature wishes to encourage.  The ICHIA tax credit mechanism provides reimbursement for certain required expenditures mandated by the legislature.  The legislature, by the terms of the statute, limited this reimbursement to those that paid the assessments — the “member insurers.”  It is not a conventional tax credit and the fact that the Tax Court treated it as such warrants review.

FOOTNOTES
1:
1981 Ind. Acts 249 § 1, 
codified at
 Ind. Code § 27-8-10-1 
et seq.
 (1982).  Ind. Code § 27-8-10-2, the principal section of the ICHIA statute at issue in this case, was repealed by P.L. 1-1990 and reenacted without substantial change in the same act.  The current version is found at Indiana Code § 27-8-10-2.1.  The former version of the statute was in effect at the time relevant to this appeal and the citations herein are to the former version.

2:
In the alternative, an ICHIA member may recoup the assessments by increasing premiums.  Ind. Code § 27-8-10-2(n)(ii).

3:
It would appear that the time value of the assessments advanced until the credits are claimed is born by the insurer.

4:
Premium tax, gross income tax, and supplemental corporate net income tax receipts are distributed to the state general fund.  
See
 Ind.Code § 27-1-3-16 (premium tax); § 6-2.1-8-1 (gross income tax); § 6-3-8-6 (supplemental net income tax).  Adjusted gross income tax receipts are distributed in part to the general fund and in part to the property tax replacement fund.  Ind.Code § 
6-3-7-3.  However, because any deficit in the property tax replacement fund is required to be covered by a transfer from the general fund, Ind.Code § 6-1.1-21-4, the two funds function essentially as one for most state finance purposes.

5:
See
, 
e.g.
, 
Drake by Drake v. Mitchell
, 649 N.E.2d 1027, 1028 (Ind. 1995); 
Hook's Super-X, Inc. v. McLaughlin
, 642 N.E.2d 514, 516 (Ind. 1994); 
Stephenson v. Ledbetter
, 596 N.E.2d 1369, 1371 (Ind. 1992); 
Havens v. Ritchey
, 582 N.E.2d 792, 795 (Ind. 1991); 
Cowe by Cowe v. Forum Group, Inc
., 575 N.E.2d 630, 632 (Ind. 1991); 
Burke v. Capello
, 520 N.E.2d 439, 440 (Ind. 1988)(each holding that upon review of a grant of summary judgment, the appellate court has before it the same issues that were before the trial court and follows the same process).

6:
Cf.
, 
e.g.
, teacher summer employment credits (Ind.Code § 6-3.1-2-1 
et
 
seq.
 (1993)); credit for donations of high technology equipment to schools (Ind.Code § 6-3.1-3-1 
et seq.
 (1993)); enterprise zone loan interest credit (Ind.Code § 6-3.1-7-1 
et seq.
 (1993)); neighborhood assistance credits (Ind.Code § 6-3.1-9.1 
et seq.
 (1993)); maternity home tax credit (Ind.Code § 6-3.1-14-1 
et seq.
 (1993)).