**CITY OF INDIANAPOLIS,**
Appellant–Defendant,

v.

Tamara JOHNSON, Appellee–Plaintiff.

No. 49A02–0005–CV–333.

Court of Appeals of Indiana.

Oct. 4, 2000.

Julie J. Carrell, A. Scott Chinn, Office of Corporation Counsel, Indianapolis, Indiana, Attorneys for Appellant.

Lawrence M. Reuben, Esq., Charleyne L. Gabriel, Esq., Kunz & Opperman, P.C., Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

City of Indianapolis ("City") brings this interlocutory appeal of the trial court's denial of its motion for summary judgment on the negligence action brought against it by Tamara Johnson ("Tamara").

We affirm in part and reverse in part.

### ISSUE

Whether summary judgment should have been granted to City on Tamara's claim.

### FACTS

On August 4, 1999, Tamara's seven year-old son, Anthony, drowned in a pond located in Washington Park, which is owned and maintained by City. The park's playground included "a sprinkler device" for children to play in to " 'cool-off' from hot summer weather." (R. 7). The sprinkler was near the pond. As alleged by Tamara, Anthony and several other children were playing in the sprinkler when "they were attracted and lured to and enticed by the pond." (R. 8). Consequently, she claims, they "left the sprinkler and made their way to the pond," whereupon Anthony drowned. *Id.* On December 21, 1999, Tamara brought the instant action, claiming that "by permitting the pond to exist in an unfenced, unguarded, unprotected and attractive state," City breached its duty to "design, operate, plan, install and otherwise maintain" the park so as "to be free from dangerous hazards and attractive nuisances" to invitees. *Id.*

On January 14, 2000, City filed a motion for summary judgment. It argued that the Indiana Recreational Use Statute ("IRUS") exempted City from liability for injuries to persons using its property for recreational purposes and that the statute's exceptions were inapplicable to the facts of this case. In support of its motion, it submitted evidentiary material depicting the relative locations of the sprinkler and the pond in the park. To reach the pond from the sprinkler, one would cross a walkway and then a sloping grassy area. City also submitted pictures of posted warning signs; one at the entrance to the sprinkler area said that adult supervision was required, and one near the pond said that swimming was not allowed.

The trial court denied City's motion. Subsequently, it certified for interlocutory appeal the question of whether City "owed a duty to the Plaintiff under" the Indiana Recreational Use Statute ("IRUS") or the exceptions thereto. (R. 74).

## DECISION

Summary judgment is only appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Warner Trucking, Inc. v. Carolina Casualty Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997) (citing Ind. Trial Rule 56(C)). In reviewing a trial court's entry on a summary judgment motion, we apply the same standard used in the trial court, i.e., whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind. 1998).

■ To recover under a theory of negligence, a plaintiff must establish three elements: (1) a duty owed by the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by the breach of that duty. *Benton v. City of*

Oakland City, 721 N.E.2d 224, 232 (Ind. 1999). The existence of a duty is a question of law for the court to determine. *Id.*

## A. Indiana Recreational Use Statute

■ The IRUS protects landowners from liability if they have opened their property to the public for recreational use. *McCormick v. State*, 673 N.E.2d 829, 833 (Ind.Ct.App.1996). In 1995, the legislature amended the IRUS to include governmental landowners. *See* P.L. 178–1995, Sec. 2.

■ City first argues that it is not liable under the IRUS because the statute provides that a governmental owner of land "does not assume responsibility for or incur liability for an injury to a person ... caused by an act or failure to act of other persons using the premises." IND.CODE § 14–22–10–2(e). However, Tamara's action does not allege that Anthony's death was "caused by an act or failure to act of other persons using" the park. Hence, this provision is inapplicable here.

■ The IRUS also provides that when a person "goes upon or through" governmental land for outdoor recreational purposes, that person "does not have an assurance that the premises are safe for the purpose." I.C. § 14–22–10–2(d); *see also Cunningham v. Bakker Produce, Inc.*, 712 N.E.2d 1002, 1006 (Ind.Ct.App.1999), *trans. denied* (under principle of *ejusdem generis*, statutory reference to "hunting, fishing, swimming, trapping, camping, hiking, [or] sightseeing" makes the phrase "any other purpose" of the IRUS extend to "outdoor recreational activities" in general). However, as our supreme court has observed, the IRUS is in derogation of common law and must accordingly be strictly construed against limiting a claimant's right to bring suit. *Drake v. Mitchell Community Schools*, 649 N.E.2d 1027, 1029 (Ind.1995). Therefore, we do not find that the provision stating the person on the government's land "does not have an assurance that the premises are safe" bars that person – having suffered an injury on

the land – from bringing a suit under the common law. This conclusion comports with the penultimate section of the IRUS, which expressly states that it "does not affect ... existing Indiana case law on the liability of owners ... of premises with respect to ... invited guests." I.C. 14–22–10–2(f). Likewise, IRUS expressly "does not affect ... the attractive nuisance doctrine." *Id.* Therefore, the common law liability as to invited guests and attractive nuisances remains intact.

## B. *Invited Guests*

Indiana common law on the liability of landowners with respect to invited guests was established by *Burrell v. Meads*, 569 N.E.2d 637 (Ind.1991). Therein, our supreme court declared that an invitee was "either a public invitee or a business visitor." *Id.* at 642. A "public invitee" was one "who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." *Id.* at 642. It further held that the landowner owed to an invitee "a duty to exercise reasonable care for his protection while he is on the landowner's premises." *Id.* at 639. And it found the "best definition" of this duty to be as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* at 639–40.

City conceded that Anthony was a public invitee. (R. 62). Therefore, City owed Anthony, an invitee, the duty to ex-

ercise reasonable care for Anthony's protection while Anthony was on City's premises. *See Dunifon v. Iovino*, 665 N.E.2d 51, 56 (Ind.Ct.App.1996), *trans. denied.* Further, City owed Anthony a duty to exercise reasonable care to discover conditions that involved an unreasonable risk of harm to invitees who would not realize the danger, or who would fail to protect themselves against it. *Id.*

City's designated evidence shows where the pond was located in the park relative to the playground sprinkler; it further shows the two warning signs. There is no evidence whatsoever about any City supervision of the park or what City's policy is concerning park usage. No evidence was submitted as to the distance between the sprinkler and the pond. City does not indicate that any barriers existed to impede an invitee who was playing in the sprinkler from straying to the pond, and the pictures suggest that the grassy slope leading to the pond had a slight grade toward the pond. No evidence indicates the depth or general contours of the pond. Nor is it evident that the sign that forbade swimming in the pond was located where it would be seen by an invitee who had strayed from the sprinkler in the direction of the pond.

City argues that the invited guest exception to the IRUS is inapplicable here because Anthony exceeded the scope of his invitation, noting that *Burrell* defines a public invitee as one invited on the land "for a purpose for which the land is held open to the public." 569 N.E.2d at 642. City cites *Markle v. Hacienda Mexican Restaurant*, 570 N.E.2d 969, 975 (Ind.Ct. App.1991), holding that an invitation to come on the land for one purpose "does not invite entry for all purposes." According to City, Anthony was only invited to use the playground. However, we do not find the evidentiary material to establish as an undisputed fact the scope of City's invitation to seven year-old Anthony. Therefore, we cannot agree with City's contention that because Anthony "exceed-

ed his status as a public invitee," City's Brief at 5, summary judgment should have been granted.

Because City's duty to Anthony was to exercise reasonable care as defined by *Burrell* and *Dunifon*, we cannot say that the evidentiary material presented to the trial court established as a matter of law that City's duty to Anthony could not have been breached. *See id.* Therefore, a material issue of fact remains as to whether that duty was breached, and the trial court did not err in denying summary judgment on Tamara's claim of City's negligence as a landowner.

## C. *Attractive Nuisance*

As previously discussed, the IRUS leaves intact the common law liability of attractive nuisance. The attractive nuisance doctrine applies when the problem complained of is (1) "maintained or permitted upon the property by the owner;" (2) "particularly dangerous to children, and of such a nature that they will not comprehend the danger;" and (3) "particularly attractive to children." *Cunningham v. Bakker Produce, Inc.*, 712 N.E.2d 1002, 1007 (Ind.Ct.App.1999), *trans. denied.* Further, (4) the "owner must have actual or constructive knowledge of the condition, and that children do or are likely to trespass, and to be injured; and (5) the injury must be a foreseeable result of the wrong." *Id.* However, the doctrine "is limited to cases where the danger is latent," and does not apply to conditions which are common to nature. *Id.*

Here, the pond is undisputedly *not* latent. And a pond is a condition common to nature.

Moreover, a substantial body of common law supports City's contention that the attractive nuisance doctrine is not applicable here. In *City of Evansville v. Blue*, 212 Ind. 130, 8 N.E.2d 224, 228 (1937), our supreme court declared,

> A swimming pool in a park, whether artificially constructed or a part of a natural pond, or lake, or stream, improved in its bathing facilities, is not per

se a nuisance, and, unless there is some hidden or latent danger, the ... "attractive nuisance" doctrine does not apply. Such waters embody perils, but of a nature which must be deemed obvious to children who approach them for the purpose of bathing.

In *Plotzki v. Standard Oil of Indiana*, 228 Ind. 518, 92 N.E.2d 632 (1950), the court again declared that "a pond, pool, lake, stream or other body of water does not constitute an attractive nuisance," and noted that because "children are early instructed" against the danger of drowning in water, "they are sufficiently presumed to know the danger" so as to not render the property owner liable for "having created an 'attractive nuisance.'" *Id.* at 633, 634. In *Lockridge v. Standard Oil Co., Inc.*, 124 Ind.App. 257, 114 N.E.2d 807 (1953), we found that the same body of water involved in *Plotzki* did not constitute an attractive nuisance for an eight year-old boy, citing *Blue* and *Plotzki.* Further, *Lockridge* discounted the argument that the outcome in *Plotzki* would be affected by the presence of a raft on the pond that "attracted" the boy into the pond. 114 N.E.2d at 809. We found the presence of raft not to make the pond "more inherently dangerous" than without a raft. *Id.* at 810. Therefore, Tamara's allegation that the pond's proximity to the sprinkler "attracted," "lured" and "enticed" Anthony to the pond would also be unavailing in this regard. Summary judgment should have been granted to City on its contention that it did not owe a duty under the attractive nuisance doctrine.

We affirm the denial of summary judgment as to Tamara's claim of City's negligence with respect to an invited guess; however, we reverse the denial of summary judgment as to the claim under the attractive nuisance doctrine.

FRIEDLANDER, J., and KIRSCH, J., concur.