M–PLAN, INC., Advantage Health Plan, Inc., and Partners National Health Plans of Indiana, Inc., Appellants–Plaintiffs,

v.

INDIANA COMPREHENSIVE HEALTH INSURANCE ASSOCIATION and Sally McCarty, in her Official Capacity as Indiana Insurance Commissioner, Appellees–Defendants.

No. 49A02–0209–CV–759.

Court of Appeals of Indiana.

March 7, 2003.

David J. Bodle, Robert L. Hatley, Henderson, Daily, Withrow & DeVoe, Indianapolis, IN, John A. Biek, Melissa A. Connell, McDermott, Will & Emery, Chicago, IL, Attorneys for Appellants.

Wayne C. Turner, Anne L. Cowgur, McTurnan & Turner, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Health maintenance organizations M–Plan, Inc., Advantage Health Plan, Inc., and Partners National Health Plans of Indiana, Inc. (collectively the HMOs) appeal the dismissal of their complaint against Indiana Comprehensive Health Insurance Association (ICHIA) and Sally

McCarty, in her official capacity as Indiana Insurance Commissioner (collectively IC-HIA).[1] We reverse the dismissal of the complaint against ICHIA.

### Issue

The HMOs present a single issue: whether the trial court properly dismissed the complaint for lack of subject matter jurisdiction due to a failure to exhaust administrative remedies.[2]

### Facts and Procedural History

On July 1, 2002, the HMOs filed a complaint seeking declaratory relief, challenging as illegal and unconstitutional the assessment methodology utilized by ICHIA. On July 15, 2002, ICHIA filed a motion to dismiss for lack of subject matter jurisdiction due to a failure to exhaust administrative remedies as required by Indiana Code section 4–21.5–5–4. On August 23, 2002, the trial court heard arguments on the motion to dismiss. On September 10, 2002, the trial court entered its Amended Order dismissing the complaint. The HMOs appeal.

### Discussion and Decision

#### A. Standard of Review

When the legislature has provided a statutory scheme with an exclusive administrative remedy, our courts lack jurisdiction to hear the matter until the administrative procedures have been exhausted or request for relief has been denied. *State v. Sproles,* 672 N.E.2d 1353 (Ind. 1996). Exclusivity is typically expressed in either of two forms: the statute will state that its provisions constitute the exclusive remedy for such actions, or the statute provides that judicial review is available only after the remedies provided

in the statute are exhausted. *Romine v. Gagle,* 782 N.E.2d 369, 379 (Ind.Ct.App. 2003). The exhaustion rule assumes an available statutory remedy at the time the challenged judicial relief is sought. *Ind. State Dep't of Welfare, Medicaid Div. v. Stagner,* 410 N.E.2d 1348, 1351 (Ind.Ct. App.1980).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider the complaint, motion and any affidavits or evidence submitted in support. *GKN Co. v. Magness,* 744 N.E.2d 397, 400 (Ind.2001). The standard of review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. *Id.* at 401. If the facts before the trial court are not in dispute, the question of subject matter jurisdiction is purely one of law, and this Court owes no deference to the trial court determination. *Id.* Where a trial court conducts an evidentiary hearing, we give deference to the factual findings and judgment, reversing only upon a showing of clear error. *Id.* However, the ruling on a motion to dismiss where the facts are not disputed or where the facts are disputed and the court rules on a paper record following a hearing and argument of counsel will be reviewed *de novo. Id.* This Court will also review *de novo* issues of statutory interpretation. *Romine,* 782 N.E.2d at 379.

#### B. Analysis

ICHIA sought dismissal of the complaint on the grounds that the HMOs failed to exhaust administrative remedies under the Indiana Administrative Orders and Procedures Act, Indiana Code section

---

1. The HMOs do not specifically challenge the dismissal as to the Insurance Commissioner by arguing on appeal that the trial court had subject matter jurisdiction over a direct lawsuit against the Commissioner, a state agent.

2. We hereby deny the request for oral argument submitted by the HMOs.

4–21.5–1–1, et seq. (the Administrative Act). ICHIA relies upon Article II, Paragraph C of its Plan of Operation, adopted by the ICHIA Board, providing that a member aggrieved by an act of the Association shall appeal to the Board of Directors before appealing to the Commissioner of the Indiana Department of Insurance. The HMOs contend that the Plan of Operations prescribes only an internal appeal procedure, rather than an exclusive statutory administrative remedy, precluding an ICHIA member from bringing a complaint directly to the trial court.

ICHIA is a legislatively created health insurance provider whose essential purpose is to provide health insurance coverage for certain high risk individuals. *Ind. Comprehensive Health Ins. Ass'n v. Dye,* 531 N.E.2d 505, 506 (Ind.Ct.App.1988). Indiana Code section 27–8–10–2.1 provides as follows:

> There is established a nonprofit legal entity to be referred to as the comprehensive health insurance association, which must assure that health insurance is made available throughout the year to each eligible Indiana resident applying to the association for coverage. All carriers, health maintenance organizations, limited service health maintenance organizations, and self-insurers providing health insurance or health care services in Indiana must be members of the association. The association shall operate under a plan of operation established and approved under subsection (c) and shall exercise its powers through a board of directors established under this section.

Because it is statutorily required to charge "reasonable rates" (not exceeding 150% of the average premium rate for that class charged by the five carriers with the largest premium volume in the state during the preceding calendar year) for the insurance provided, ICHIA usually generates losses rather than profits. *Associated Ins. Companies, Inc. v. Ind. Dep't of State Revenue,* 655 N.E.2d 1271, 1272 (Ind.Tax 1995). It recoups the losses by assessing its member insurers in proportion to their shares of total health insurance premiums. *Id.* HMOs are to be assessed under an equitable formula based on claims paid, excluding Medicaid or the value of services provided. IND.CODE § 27–8–10–2.1(g). Assessments must be determined by the board of directors, subject to final approval by the commissioner. *Id.* A member may then take a credit against its income tax liability up to the aggregate amount of assessments paid to ICHIA. *Associated Ins.,* 655 N.E.2d at 1272.

The HMOs contend that they are unable to recoup their assessments by claiming Indiana tax credits because they do not generate taxable income. They also claim that ICHIA has taken no steps to effectively resolve the disparity between HMOs and other insurance carriers (although they concede that the assessment formula was changed effective November 2002 to utilize a "headcount" rather than "premium" basis).

According to ICHIA, the HMOs cannot seek relief in court before availing themselves of the procedure prescribed by the ICHIA Plan of Operation, as follows:

> Any member aggrieved by an act of the Association shall appeal to the Board of Directors before appealing to the Commissioner of the Indiana Department of Insurance, hereinafter referred to as the Commissioner. If such member is aggrieved by the final action or decision of the Board, or if the Board does not act on such complaint within 30 days, the member may appeal to the Commissioner within 30 days after the action or decision of the Board or the expiration

of the 30–day period that the Board failed to act on such complaint.

(App. 29.) ICHIA successfully argued in the trial court that failure to comply with the foregoing provision of the Plan of Operation was equivalent to the failure to exhaust administrative remedies, as prescribed by Indiana Code section 4–21.5–5–4(a), which provides as follows:

> A person may file a petition for judicial review *under this chapter* only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review.

(emphasis supplied.) Thus, the dispositive inquiry is whether ICHIA is an administrative agency, within the province of the Administrative Act.

 Administrative entities are creatures of statute and cannot exercise power beyond that given in their creation. *Adkins v. City of Tell City,* 625 N.E.2d 1298, 1302 (Ind.Ct.App.1993). Moreover, the law resolves ambiguous grants of power against administrative entities. *Id.*

Title 4 of the Indiana Code governs State Offices and Administration. Indiana Code section 4–21.5–2–3 provides that the Administrative Act applies to an agency, except to the extent that a statute clearly and specifically provides otherwise. The Administrative Act defines an agency as "any officer, board, commission, department division, bureau, or committee of state government that is responsible for any stage of a proceeding under this article." IND.CODE § 4–21.5–1–3.

Here, the hallmarks of an administrative agency under the Administrative Act are absent. ICHIA is defined as "a nonprofit legal entity to be referred to as the comprehensive health insurance association," Indiana Code section 27–8–10–2.1, a definition inconsistent with that of an administrative agency, an entity "that is responsible for any stage of a proceeding under [the Administrative Act]." ICHIA is an involuntary association comprised of all health insurers and health maintenance organizations doing business in the State of Indiana. It has "the general powers and authority granted under the laws of Indiana to carriers licensed to transact the kinds of health care services or health insurance described in [the preceding section]." IND.CODE § 27–8–10–2.1(e).

ICHIA creation was not accompanied by a regulatory scheme whereby the association is entrusted with enforcement of law. Rather, its purpose is to ensure health insurance availability for the otherwise uninsurable. Its essential function beyond policy provision is cost allocation. Pursuant to Indiana Code section 27–8–10–2.1(j), policies issued by ICHIA, like those issued by commercial insurers, must be approved by the Insurance Commissioner. ICHIA is empowered to develop an internal Plan of Operation—to be submitted for approval to the Insurance Commissioner—but is not vested with rule-making power having the force of law.[3] ICHIA is not required to

---

3. Pursuant to Indiana Code section 27–8–10–2.1(c), the Plan of Operation must:
 (1) establish procedures for the handling and accounting of assets and money of the association;
 (2) establish the amount and method of reimbursing members of the board;
 (3) establish regular times and places for meetings of the board of directors;
 (4) establish procedures for records to be kept of all financial transactions, and for the annual fiscal reporting to the commissioner;
 (5) establish procedures whereby selections for the board of directors will be made and submitted to the commissioner for approval;

promulgate rules according to the public procedures of the Administrative Act. Finally, the statutory scheme under which ICHIA operates does not provide an exclusive administrative remedy.

As such, the HMOs were not required to exhaust a statutory administrative remedy before filing their complaint for declaratory relief.

Reversed.

ROBB and BARNES, JJ., concur.

(6) contain additional provisions necessary or proper for the execution of the powers and duties of the association; and

(7) establish procedures for the periodic advertising of the general availability of the health insurance coverages from the association.