**INDIANA DEPARTMENT OF INSURANCE and John F. Mortell, as Commissioner of the Indiana Department of Insurance, Appellants–Defendants,**

v.

**GOLDEN RULE INSURANCE COMPANY, Appellee–Plaintiff.**

No. 49A05–9310–CV–402.

Court of Appeals of Indiana, Fifth District.

Aug. 29, 1994.

Rehearing Denied Oct. 28, 1994.

Pamela Carter, Atty. Gen., Jon Laramore, Deputy Atty. Gen., Indianapolis, for appellants.

Henry J. Price, Price & Barker, Curtis J. Dickinson, Dickinson & Associates, Indianapolis, for appellee.

BARTEAU, Judge.

The Indiana Department of Insurance ("Department") appeals an order of the Marion Superior Court declaring part of its regulations governing the qualification of long term care policies under the Indiana Long Term Care Program ("Program") invalid and enjoining the Department from enforcing the regulation against Life–Based long term care policies. We address the following issues on review:

I. Whether Golden Rule was required to exhaust administrative remedies before seeking relief from the court; and

II. Whether the Department's regulations governing qualified long term care insurance polices are invalid because, under the regulations, a Life–Based long term care insurance policy could never qualify under the Program.

We reverse, holding that the regulations are valid because the Department was not required to include Life–Based health care policies within the regulations.[1]

### INTRODUCTION

■ Long term care insurance policies may be sold in Indiana and are governed by

---

1. Golden Rule's Motion to Strike Appellant's Statement of Facts is hereby denied.

Ind.Code 27–8–12–1 *et seq.* As the name implies, long term care insurance allows individuals to insure the cost of long term care, if needed. The insurance may be either Health–Based, i.e., a rider on a health insurance policy, or Life–Based, a rider on a life insurance policy. I.C. 27–8–12–5. Pursuant to statutory mandate, the Department promulgated rules regarding, among other things, marketing practices and administrative practices regarding long term care policies. I.C. 27–8–12–7.1. These regulations are found at 760 IAC 2–1–1 *et seq.* ("general rules").

 The legislature also created Indiana's Long Term Care Program codified at Ind. Code 12–10–9–1 *et seq.* The purpose of the Program is to:

1) Provide incentives for individuals to insure against the costs of providing for their long term care needs.

2) Provide a mechanism for individuals to qualify for coverage of the costs of their long term care needs under the Medicaid program without first being required to substantially exhaust all their resources.

3) Assist in developing methods for increasing access to and the affordability of a long term care policy.

4) Provide counseling services to individuals in planning for their long term care needs.

5) Alleviate the financial burden on the state's medical assistance program by encouraging the pursuit of private initiatives.

I.C. 12–10–9–5(a). A unique feature of the Program is that the insured may take advantage of the Program's "asset disregard" provision. For each dollar of benefit paid out under an individual's long term care policy which has been qualified under the Program, the insured may increase by one dollar the amount of assets the insured may retain before receiving Medicaid benefits. I.C. 12–10–9–8. The Department is charged with promulgating rules governing the qualification of long term care policies under the Program. These regulations are found at 760 IAC 2–20–1 ("Program rules").

 A "qualified long term care policy" is defined as a "policy that meets the require-

ments established by the department of insurance under IC 27–8–12–7.1." I.C. 12–10–9–8(b). Even if a long term care policy does not meet the requirements to be "qualified" under the rules for qualified long term care policies, the policy may still be sold in Indiana if it meets the requirements of 760 IAC 2–1–1 *et seq.*

 With this in mind, we proceed to a discussion of the specific dispute before us. At issue here is the question of inflation protection. The general rules require the insurer to *offer* a policyholder an option to include inflation protection in the policy. 760 IAC 2–7–1. Insurance policies generally pay out a fixed dollar amount in benefits. When inflation protection is included in the policy, the fixed amount to be paid out increases over time, thereby accounting for increase in care costs over time. Under the general rules, inflation protection is not mandatory, but must be offered to the policyholder. *Id.* Life–Based long term care policies are, however, specifically exempt from the inflation protection provision in the general rules. 760 IAC 2–7–3.

 On the other hand, to qualify under the Program, long term care policies *must contain* inflation protection in the coverage. 760 IAC 2–20–35. Life–Based policies are not exempt from the inflation protection requirement under the Program rules as they are under the general rules. This distinction forms the basis of the dispute before us.

Golden Rule sells Life–Based long term care policies. According to Golden Rule, Life–Based policies would never qualify under the Program because an inflation-protection provision would make Life–Based policies too expensive. Golden Rule argues that, according to the enabling statute, I.C. 12–10–9–1 *et seq.,* the Department was required to include Life–Based policies in its Program rules. According to Golden Rule, the Program rules as adopted by the Department impliedly exclude Life–Based policies and are therefore arbitrary, capricious and contrary to law. Golden Rule has not attempted to qualify a Life–Based policy under the Program. Further, Golden Rule may continue to sell its Life–Based long term care policy.

The harm claimed by Golden Rule is that it must now include the following legend on its non-qualified policy:

THIS POLICY [CERTIFICATE] DOES NOT QUALIFY FOR MEDICAID ASSET PROTECTION UNDER THE INDIANA LONG TERM CARE PROGRAM. HOWEVER, THIS POLICY [CERTIFICATE] IS AN APPROVED LONG TERM CARE INSURANCE POLICY [CERTIFICATE] UNDER STATE INSURANCE REGULATIONS. FOR INFORMATION ABOUT POLICIES AND CERTIFICATES QUALIFYING UNDER THE INDIANA LONG TERM CARE PROGRAM, CALL THE SENIOR HEALTH INSURANCE INFORMATION PROGRAM OF THE DEPARTMENT OF INSURANCE AT 1–800–452–4800.

760 IAC 2–20–34(5). According to Golden Rule, this will harm its sale of Life–Based policies.

Golden Rule filed suit in Marion Superior Court, seeking an order declaring that Life–Based long term care policies need not contain the above legend and that the inflation protection provision of the Program rules does not apply to Life–Based policies. Golden Rule also sought to enjoin the Department from enforcing the Program rules until the Department adopts rules which would allow Life–Based policies to qualify under the Program. The trial court granted partial summary judgment in favor of Golden Rule, leaving the question of whether the inflation protection provision in the Program rules applies to Life–Based policies for trial. Following a bench trial, the court found that the inflation protection requirement in the Program rules unenforceable against Life–Based policies and enjoined the Department from enforcing the inflation protection requirement against Life–Based long term care policies.

### ADMINISTRATIVE REMEDIES

We first address the question whether Golden Rule was required to exhaust its administrative remedies before pursuing a court action. The Department argues this action is premature because Golden Rule has not applied to have a Life–Based long term care policy qualified under the Program. Golden Rule admits that it does not seek to compel the Department to qualify its Life–Based policy. Rather, Golden Rule argues it is trying to protect itself from the Department's unlawful interference in the sale of Golden Rule's Life–Based policy.

In general, potential plaintiffs must first exhaust available administrative remedies before seeking judicial relief. *State Board of Public Welfare v. Tioga Pines* (1991), Ind.App., 575 N.E.2d 303, 307, *reh'g denied, trans. denied.* A recognized exception to this rule is where an administrative rule is alleged to be facially invalid. *Id.* Golden Rule attacks the validity of the regulations promulgated by the Department and is therefore not required to exhaust administrative remedies.

### VALIDITY OF THE REGULATIONS

In adopting rules and regulations, an administrative board is limited to the authority delegated to it by legislative enactment. *Indiana Dept. of State Revenue v. Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415:

An administrative board has the undoubted right to adopt rules and regulations designed to enable it to perform its duties and to effectuate the purposes of the law under which it operates, when such authority is delegated to it by legislative enactment. But it may not make rules and regulations inconsistent with the statute which it is administering, it may not by its rules and regulations add to or detract from the law as enacted, nor may it by rule extend its powers beyond those conferred upon it by law.

*Id.* at 480, 109 N.E.2d at 422–423. Here, we are called on to determine if the Department's Program regulations are consistent with the statutory framework provided by the legislature.

Resolution of this dispute turns on the interplay between the statutory scheme governing long term care policies generally, I.C. 27–8–12–1 *et seq.*, and the statutory scheme governing long term care policies which qual-

ify under the Program. I.C. 12–10–9–1 *et seq.*

In general, a "long term care insurance policy" is a

policy providing coverage for at least twelve (12) consecutive months for each covered person on an expense incurred, indemnity, prepaid, or other basis for one (1) or more necessary diagnostic, preventive, therapeutic, rehabilitative, maintenance, or personal care services provided in a setting other than an acute care wing of a hospital.

(b) the term includes the following:

\* \* \* \* \* \*

(2) A group or individual annuity, a life insurance policy, or riders that provide directly or supplement long term care insurance.

I.C. 27–8–12–5.

Under the Program, a "qualified long term care policy" is an insurance policy:

(1) that provides long term care insurance; and

(2) meets:

(A) the definition set forth in IC 27–8–12–5; and

(B) the qualifications set forth in section [12–10–9–]8 of this chapter.

I.C. 12–10–9–4. I.C. 12–10–9–8 provides in part:

(b) As used in this section, "qualified long term care policy" means a policy that meets the requirements established by the department of insurance under IC 27–8–12–7.1.[2]

Golden Rule argues that because Life–Based policies are included in the definition of long term care policies generally, I.C. 27–8–12–5, the Department may not exclude Life–Based policies from the Program rules. The Department argues that the legislature did not intend that every type of long term care insurance meet the requirements for qualification under the Program. According to the Department, the legislature granted it the authority to promulgate rules that are more stringent than the general rules.

■ We agree with the Department. Under the Program, a long term care policy must meet three criteria before it can be qualified under the Program: 1) it must provide long term care insurance; 2) it must meet the definition set forth in I.C. 27–8–12–5; *and* 3) it must meet the qualifications established by the Department under I.C. 27–8–12–7.1. I.C. 12–10–9–4 and I.C. 12–10–9–8. Thus, not only must the policy meet the definition of a long term care policy contained in I.C. 27–8–12–5, it must meet any *additional* requirements established by the Department before the policy may be qualified under the Program. In other words, from the broad category of policies which meet the definition of long term care insurance under I.C. 27–8–12–5, only those policies which also meet the requirements established by the Department may be qualified under the Program. There is no requirement that the Department include all policies listed in I.C. 27–8–12–5 in the Program rules. Further, there is nothing in the legislation to prohibit the Department from imposing stricter standards in the Program rules than are contained in the general regulations.

■ When a statute is clear and unambiguous on its face, this court may not interpret the statute. Rather, we hold the statute to its clear and plain meaning. *Scheub v. Schererville* (1993), Ind.App., 617 N.E.2d 585. The statutory scheme here clearly provides that the Program rules may impose require-

---

**2.** I.C. 27–8–12–7.1 provides:

The department of insurance shall adopt rules under IC 4–22–2 that establish standards for the qualification of a long term care policy under IC 12–10–9. The rules must include the following:

(1) The standards adopted under section [27–8–12–]7 of this chapter.

(2) The requirement of nursing home and home health care coverage in a qualified long term care policy.

(3) The submission of data by insurers that will allow the department of insurance and the division of aging and rehabilitative services to administer the Indiana long term care program under IC 12–10–9.

(4) Other standards needed to administer the Indiana long term care program.

I.C. 27–8–12–7 directs the insurance commissioner to establish standards for full and fair disclosure, marketing practices, agent continuing education, penalties and reporting practices.

ments in addition to the general definition of long term care policies contained in I.C. 27–8–12–5.

This result is consistent with the stated purposes of the Program. The evidence presented at trial demonstrated that including inflation protection in Life–Based policies would make such policies very expensive. However, inflation protection maximizes the amount paid out at some point in the future; thereby, minimizing the expense to the State in providing long term care. By requiring inflation protection, therefore, the Department has balanced the stated Program goals of providing affordable long term care insurance and of reducing the State's burden of providing long term care. Inflation protection also meets the stated goal of providing a mechanism for insureds to pay for long term care without exhausting all of their assets before being eligible for Medicaid. Without inflation protection, the insured would be required to exhaust assets to pay costs of long term care caused by inflation and not covered by a policy which does not contain inflation protection.

The trial court's conclusion that the adoption of the Program rules is arbitrary, capricious and contrary to law as applied to Life–Based policies is based on a finding that the Program rules improperly excluded Life–Based policies. We hold that the Department was not required to include Life–Based policies in the regulations. Therefore, the decision of the trial court is reversed.

Our decision today does not, as the trial court found, exclude Golden Rule from the long term care market. In fact, Golden Rule may continue to sell the Life–Based policies which have been approved by the Department and comply with Department rules.

REVERSED.

RUCKER and STATON, JJ., concur.