**CITY OF EAST CHICAGO,**
**Appellant–Defendant,**

v.

**Anthony COPELAND, et al.,**
**Appellees–Plaintiffs.**

No. 45A03–0501–CV–4.

Court of Appeals of Indiana.

Dec. 27, 2005.

Lemuel Stigler, Merrillville, for Appellant.

Ivan E. Bodensteiner, Douglas Ferngren Arnold & Busse, LLP, Valparaiso, for Appellee.

## OPINION

ROBB, Judge.

Nine firefighters with the City of East Chicago Fire Department, Anthony Copeland, Herbert R. Cruz, John Edwards, John Luellen, Joseph Pedraza, Reginald Robinson, Howard Vanselow, Henry Venturna, and Levy O. Wash, (the Firefighters) brought an action in the Lake Superior Court alleging that the City of East Chicago (East Chicago) violated its salary ordinance by denying them vacation hours over a period of several years. East Chicago appeals from three rulings issued by the trial court against it on May 4, 2004, October 19, 2004, and December 7, 2004, which respectively grant partial summary judgment, assess damages, and award attorney fees. We affirm.

### Issues

East Chicago raises four issues for review, which we consolidate and restate as whether the trial court had jurisdiction to issue the rulings, and if so, whether it properly entered judgment in favor of the Firefighters. East Chicago also questions whether the denial of vacation hours, if it occurred, allows for the imposition of liquidated damages, and whether the trial court determined "the

correct starting point" for calculation of the damages awarded. Brief of Appellant at 4. However, we hold the arguments made on these two issues are waived, and therefore constrain our review to the matters of jurisdiction and judgment.[1]

## Facts and Procedural History [2]

The facts delineated by the trial court indicate that the Firefighters are employees of the East Chicago Fire Department, currently serving as "staff firefighters" who work forty-hour weeks, Monday through Friday. The fire department also employs "line firefighters" who normally work a twenty-four hour shift, followed by forty-eight hours off. Some, but not all, of the Firefighters were line firefighters prior to becoming staff firefighters.

The dispute centers on an East Chicago salary ordinance, a provision of which establishes vacation time for fire department employees. In October 2002, Howard Vanselow filed a petition with the East Chicago Fire Civil Service Commission (FCSC), seeking a determination that he, as a staff firefighter, was entitled to the same number of vacation hours each year as a line firefighter, even though he had received fewer. Citing this court's decision in *Pedraza v. City of East Chicago*, 746 N.E.2d 94 (Ind.Ct.App.2001), the FCSC denied Vanselow's petition, declaring that "the Fire Department's treatment of Vanselow was lawful .... [because] the

---

1. Pertaining to liquidated damages, the trial court properly found that "[v]acation pay is considered part of wages under the Indiana Wage Statute." Appendix to Brief of Appellant at C5. Under Indiana Code section 22–2–5–2, liquidated damages are permitted for failure to pay employee wages. The Firefighters relied upon this statute when requesting liquidated damages in their complaint, and East Chicago did not raise an affirmative defense regarding the inapplicability of the statute to governmental entities. Thus, the trial court found this issue to be waived because "[a]ny affirmative defense that a party seeks to assert must be included in the pleadings when a responsive pleading is necessary." *Id.* at 6 (citing Ind. Trial Rule 8(C)). Correspondingly, East Chicago cannot now contend that the trial court failed to inquire "whether the punitive provisions of [Indiana Code section] 22–2–5–2 were appropriate in this case." Br. of Appellant at 12.

 Regarding the calculation of damages, East Chicago argues that the limitation of action should have been four days. To support this contention, East Chicago relies in part upon a City of East Chicago memorandum dated January 17, 1992, describing procedures to be followed for written violations. Included in the memo is the requirement that "[w]ritten documentation or violations dealing with Fire Department matters must be sumitted [sic] to the Front Office within Four days of incident[,]" after which the Fire Chief renders a decision that may be appealed to the Civil Service Commission if done so within ten days. East Chicago argues the contract found by the trial court to exist between the Firefighters and the city includes these separate four and ten day limitation periods, thereby limiting the imposition of damages more narrowly than Indiana Code section 34–11–2–11, under which the trial court imposed a ten-year limitation. Br. of Appellant at 12. We note that East Chicago did not make this argument at trial, when instead it argued that the applicable statute was Indiana Code section 34–11–2–1. East Chicago does not now challenge the trial court's finding that 34–11–2–1 is inapplicable. Because East Chicago asserts an argument not raised at trial, it is waived on appeal. *See Lazzell v. Indiana Family and Soc. Servs. Admin.*, 775 N.E.2d 1113, 1119 (Ind.Ct.App.2002) ("Generally, a party may not advance a new argument for the first time upon appeal.").

2. We hereby deny the Appellees' Motion to Strike Portions of "Addendum" but grant Appellees' request to further supplement the record by submission of the Memorandum Decision and Order of the City of East Chicago Fire Civil Service Commission regarding Howard Vanselow, dated June 11, 2003. We also allow East Chicago to supplement the record through submissions in the Addendum to Brief of Appellant and Addendum to Reply Brief of Appellant.

two types of officers are treated reasonably and without significant difference." Appendix to the Brief of Appellees at 3.

Vanselow and eight other firefighters subsequently filed a complaint in the Lake County Superior Court, seeking a determination on vacation time, damages, court costs, and attorney fees. The Firefighters later filed a motion for partial summary judgment. East Chicago responded and filed a cross-motion for summary judgment. The trial court found the relevant language of the East Chicago ordinance during the time period at issue to state:

14. For each year from 1992 through 2002, the relevant portion of the ordinances provided [after correction for scrivener's error]:

Vacation and Personal Leave: 15 workdays (24 hr. equals one workday) equals [45] vacation days per year up to 78 unused vacation days limit upon termination of employment.

App. to Br. of Appellant at B5. The trial court found disparity in the treatment of the two types of firefighters although the ordinance mandated parity. *Id.* at B6–7. Rather than finding *Pedraza* dispositive, the trial court found that it gave rise to the current matter due to "the falsity of its underlying assumption that the line and staff firefighters were treated equally under the express terms of [the] ordinance .... " *Id.* at B7. Thus, the trial court concluded East Chicago "violated its ordinances by treating staff firefighters differently than line firefighters in awarding vacation time for the years 1992 through 2002 inclusive." *Id.* Partial summary judgment was entered against East Chicago, and its cross-motion for summary judgment was denied.

In a second hearing, after both parties waived trial, the trial court assessed individual damages to be paid to each firefighter, as well as court costs and attorney fees awarded collectively. Damages were derived in accordance with a ten-year limitation of action because the trial court found that the Firefighters and East Chicago had a written employment contract.[3] The calculation was based upon the difference between the number of vacation days a particular firefighter should have received and actually received, multiplied by that firefighter's 2004 daily wage, plus twice that amount for liquidated damages.[4] At a third hearing, the trial court ruled

---

3. The trial court found that the "Plaintiffs, having entered into the performance of their duties as firefighters for the City of East Chicago, Indiana[,] have a valid written contract of employment." App. to Br. of Appellant at C3. This finding is undisputed. Having found a valid written contract, the trial court applied Indiana Code section 34–11–2–11, which states in relevant part, "An action upon contracts in writing other than for money ... must be commenced within ten (10) years after the cause of action accrues." The trial court did not rely upon Indiana Code section 34–11–2–1, which imposes a two-year limitation for employment-related actions, because it explicitly excludes actions based upon written contracts.

4. Substituting each firefighter's 2004 wage for interest by stipulation of the parties, the trial court applied Indiana Code section 22–2–5–2:

Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

that East Chicago should pay $10,000 beyond the previously imposed damages and costs, in order to cover the Firefighters' attorney fees. East Chicago filed its notice of appeal on January 4, 2004.

### Discussion and Decision

#### I. Subject Matter Jurisdiction

On appeal, East Chicago argues for the first time that the trial court lacked subject matter jurisdiction to decide this case due to the Firefighters' failure to exhaust administrative remedies before submitting a complaint.

##### A. Standard of Review

 "Indiana views the failure to exhaust administrative remedies as a matter of subject matter jurisdiction." *Sun Life Assur. Co. of Can. v. Indiana Comprehensive Health Ins. Ass'n,* 827 N.E.2d 1206, 1209 (Ind.Ct.App.2005), *trans. denied.* Subject matter jurisdiction must exist in order for a trial court's entry of judgment to be valid. *City of Marion v. Howard,* 832 N.E.2d 528, 531 (Ind.Ct.App.2005). If subject matter jurisdiction is absent, the trial court's judgment is rendered void. *Id.* Lack of subject matter jurisdiction may be raised at any time, and courts are required to consider the issue *sua sponte* if it is not properly raised by the party challenging jurisdiction. *Stewart v. Kingsley Terrace Church of Christ, Inc.,* 767 N.E.2d 542, 544 (Ind.Ct.App.2002). An issue of subject matter jurisdiction presents a pure question of law, reviewed *de novo,* if the facts before the trial court are undisputed. *M–Plan, Inc. v. Indiana Comprehensive Health Ins. Ass'n,* 809 N.E.2d 834, 837 (Ind.2004).

##### B. Exhaustion of Administrative Remedies and the Futility Exception

 East Chicago asserts that "no Appellee sought a Fire Chief's hearing for a denial of vacation time" or "ever appealed a denial of vacation time to the [FCSC]." Br. of Appellant at 9. Thus, East Chicago's argument is one of failure to exhaust administrative remedies. An administrative remedy, where one is available, must be pursued before a claimant is allowed access to the courts. *Sun Life,* 827 N.E.2d at 1209.

Our supreme court has repeatedly emphasized the value of exhausting administrative proceedings before resorting to judicial review. The rationale underlying this policy of requiring the exhaustion of administrative remedies is that administrative bodies have specialized expertise and are better suited to adjudicate the dispute. The reasons for requiring the exhaustion of administrative remedies are well established: (1) premature litigation may be avoided; (2) an adequate record for judicial review may be compiled; and (3) agencies retain the opportunity and autonomy to correct their own errors.

*Id.* (citations omitted). Here, the administrative avenue for the Firefighters involved the FCSC. The Commission has jurisdiction over "all fully paid employees of the Fire Department ... who are members of the Firemen's Pension Fund." Addendum to Brief of Appellant at A1. Furthermore, "[t]he Commission shall hear and determine appeals concerning discipline or complaints respecting the administrative work of the Fire Department or the personnel department ... and any other matters as may be referred to the Commission for determination." *Id.* at A10.

In light of the FCSC's wide jurisdictional latitude over fire department matters, East Chicago's argument against exhaustion of administrative remedies—that none of the Firefighters filed charges as described in fire department memoranda regarding violation procedures—is not per-

suasive. It is not clear that the four-day time limitation for bringing the matter to the Fire Chief's attention or the ten-day period for possible appeal of the Fire Chief's determination apply to the situation at hand, where vacation time has been denied to an employee over a period of several years.

Moreover, the FCSC ruled on Vanselow's petition rather than denying it for lack of a Fire Chief's hearing. Vanselow petitioned the FCSC to determine of the number of vacation days due to him between the years 1994 through 2002, and sought an award for unpaid vacation benefits due for those years. His petition was denied, and he then brought his claim before the trial court. Therefore, Vanselow exhausted the administrative remedy available to him prior to reaching the trial court. For these reasons, we consider the filing of a petition with the FCSC to be an appropriate first step of the administrative procedure in this situation. Such a petition allows for avoidance of premature litigation, provides for development of an adequate record for judicial review, and gives agencies the opportunity and autonomy to correct their own errors. *See Sun Life,* 827 N.E.2d at 1209.

The other eight firefighters, who did not file petitions with the FCSC prior to the commencement of the action, argue that Vanselow's direct satisfaction of the exhaustion requirement is also sufficient to permit their claims. East Chicago argues against allowing "many claimants piggy-backing off the complaint of another who may have complied with the exhaustion of remedies requirement." Reply Brief of Appellant at 6. In support, East Chicago references *Johnson v. Celebration Fireworks, Inc.,* 829 N.E.2d 979 (Ind.2005). That case involved a Fire Marshal's requirement, challenged as *ultra vires* and void, that a fireworks wholesaler must obtain separate Certificates of Compliance for each of its wholesale locations throughout Indiana. The wholesaler conceded that it failed to exhaust all its administrative remedies prior to seeking judicial review. *Id.* at 983. East Chicago's reliance on *Johnson* is misplaced because the Firefighters here do not challenge the FCSC's legal authority, but rather rely upon it as binding on their coplaintiff-appellee, Vanselow. East Chicago's comparison is also inapt because the supreme court did not answer the question of whether each individual outlet would itself be considered a wholesaler for purposes of compliance, leaving the outcome to be determined through the administrative process. *Id.*

East Chicago's argument against "piggy-backing" also clashes with a well-settled exception to the requirement of exhausted administrative remedies. Exhaustion of administrative remedies may be excused if the exercise would be futile, although the requirement should not be dispensed with lightly for this reason. *M–Plan,* 809 N.E.2d at 839. "To prevail upon a claim of futility, one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances." *Id.* at 840 (quotation and citation omitted). The Firefighters contend that petitioning the FCSC after denial of Vanselow's petition would have been futile. They do not dispute the power of the FCSC to provide a remedy, but rather suggest that repetitive pursuit of a different outcome on the issue of unpaid vacation time would have been fruitless and valueless. We agree. Since the FCSC addressed the exact issues in Vanselow's petition as it would have for each of the other eight firefighters, attempts to procure an administrative remedy would have been futile.

We acknowledge our supreme court's statement that "the mere fact that an administrative agency might refuse to provide the relief requested does not amount to futility." *Johnson*, 829 N.E.2d at 984. However, the situation here differs significantly from *Johnson* because one of the nine firefighters petitioned the FCSC, and was denied. Administrative resolution prior to resorting to the courts was thereby sought, and a record for use on appeal was created. Furthermore, we have long held that "the requirement of exhaustion of administrative remedies 'will be relaxed where there is grave doubt as to the availability of the administrative remedy.'" *Smith v. State Lottery Comm'n of Ind.*, 701 N.E.2d 926, 931 (Ind. Ct.App.1998), *trans. denied* (quoting *Indiana High Sch. Athletic Ass'n v. Raike*, 164 Ind.App. 169, 329 N.E.2d 66, 82 (1975)).

We have also made an exception to the exhaustion requirement in cases where "administrative remedies had been exhausted on the same or closely related issues." *Smith*, 701 N.E.2d at 933 n. 7 (discussing *Indiana Family and Soc. Servs. Admin. v. Methodist Hosp. of Ind.*, 669 N.E.2d 186, 188 (Ind.Ct.App.1996), in which we held hospital was not required to submit duplicate untimely forms, containing information identical to those previously submitted by doctor and denied by agency, to preserve its right to judicial review through exhaustion of administrative remedies, because such efforts would have been futile, and *Indiana Med. Licensing Bd. v. Provisor*, 678 N.E.2d 814, 818 (Ind.Ct.App.1997), holding that to require exhaustion of administrative remedies prior to seeking judicial review of Board's non-renewal order would have been futile where the Board decided not to renew a license for the same reason that it originally suspended the license, and there was no reason to believe the Board would

have come to a different decision had an appeal through the administrative agency been pursued).

Here, the denial of Vanselow's petition regarding the same issues as would have been raised if put forth by the other firefighters both exhausted Vanselow's administrative remedy and shadowed the possibility of a remedy for the other firefighters with doubt due to seeming futility. Therefore, the exhaustion requirement was either met or excepted, and the trial court acted within its jurisdiction when rendering its rulings.

## II. Violation of the Salary Ordinance

Lastly, East Chicago argues that the trial court erred when it granted summary judgment, finding that East Chicago violated the governing salary ordinances. It asserts that the Firefighters received all the vacation hours to which they were entitled.

On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with the presumption of validity. The party appealing from an order granting a motion for summary judgment has the burden of persuading the appellate tribunal that the decision to issue the order granting summary judgment was erroneous. On review, we face the same issues that were before the trial court and follow the same process. All properly asserted facts and reasonable inferences should be resolved against the movant.

*Pedraza*, 746 N.E.2d at 99 (citations omitted).

In *Pedraza*, we were faced with the interpretation of this same ordinance because staff firefighters were alleged to receive fewer vacation days per year than line firefighters. We determined that the two groups were to be treated equally according to the terms of the ordinance.

*Id.* at 103. More specifically, "[o]ur interpretation of the statute [led] us to the conclusion that each group of firefighters is entitled to the same number of hours of vacation."[5] *Id.* at 104.

■ In the case at hand, the trial court found the following facts:

16. During the years 1989—1994, staff firefighters received thirty vacation days (240) hours per year, while the line firefighters received either thirteen or fifteen 24–hour vacation days (312 or 360) per year; i.e., staff firefighters received less vacation time than line firefighters while [East Chicago's] ordinance mandated parity.

17. Beginning in 1995 and continuing through 2002, staff firefighters received thirty-seven vacation days (296 hours) per year, while the line firefighters received fifteen 24–hour vacation days (360 hours) per year; i.e., again, staff firefighters received less vacation time that [sic] line firefighters while [East Chicago's] ordinance mandated parity.

App. to Br. of Appellant at B5–6. In light of these facts, and in reference to our holding in *Pedraza*, the trial court concluded that the two groups of firefighters were not being treated equally under the express terms of the ordinance. *Id.* at 7.

East Chicago now argues that the trial court "ignored the intent of the City of East Chicago legislature in fashioning an ordinance to give its firefighters the same effective vacation time." Br. of Appellant at 14. As part of this contention, East Chicago claims that the ordinance used calendar days to calculate vacation time, "where the weekends for staff firefighters are counted as vacation calendar days and the off-days for line firefighters are counted as vacation calendar days." *Id.* Initially, we note that East Chicago fails to provide a source of legislative intent in support of an interpretation of the salary ordinance different from the one afforded it. Secondly, the trial court found no evidence establishing the nature and extent of a reduction in actual vacation days premised upon a rule implemented by the Fire Chief that included weekends as vacation days. App. to Br. of Appellant at 6. Therefore, our interpretation in *Pedraza* of the salary ordinance, which does not expressly include weekends or other non-workdays as vacation time, controls. We cannot say the trial court acted in error when it granted partial summary judgment against East Chicago on the issue of whether the salary ordinances were violated between the years 1992 and 2002, inclusive.

### Conclusion

Because the requirement that administrative remedies be exhausted was in one circumstance met, and in the other circumstances excepted as futile, we conclude that the trial court had jurisdiction to decide whether the Firefighters were being

5. Our analysis was as follows:

If twenty-four hours are the equivalent of one workday, and the firefighters are entitled to fifteen workdays in vacation time, then they are entitled to 360 hours of vacation time. Forty-five vacation days multiplied by eight-hour days equals 360 hours of vacation time. Put more simply, the first part of the ordinance speaks to vacation time for line firefighters, while the second part speaks to vacation time for staff firefighters. The line firefighters, who work twenty-four hour shifts, which by ordinance equals one workday, are entitled to 360 hours of vacation. The staff firefighters who work eight hour days, five days a week, are entitled to forty-five days or 360 hours of vacation. While the vacation time is expressed differently because there are two different types of shifts, each of the groups is treated equally under the express terms of the ordinance.

*Id.* at 103.

treated unequally with respect to vacation time. In addition, the trial court did not err in granting partial summary judgment on the issue of East Chicago's violation of its salary ordinance. For these reasons, we affirm the trial court's decision.

Affirmed.

KIRSCH, C.J., and MAY, J., concur.