LHT CAPITAL, LLC., Appellant–Plaintiff,

v.

INDIANA HORSE RACING COMMISSION, Indianapolis Downs, LLC, Oliver Racing, LLC, Duff Taylor Investments, LLC, and Ross J. Mangano, Appellees–Defendants.

No. 49A02–0712–CV–1149.

Court of Appeals of Indiana.

Oct. 23, 2008.

James Bopp, Jr., Barry A. Bostrom, Bopp Coleson & Bostrom, Terre Haute, IN, Attorneys for Appellant.

Indiana Horse Racing Commission, Judy L. Woods, Paul D. Vink, Bose McKinney & Evans, Indianapolis, IN, Indianapolis Downs, LLC, J. Lee McNeely, McNeely Stephenson Thopy & Harrold, Shelbyville, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BROWN, Judge.

LHT Capital, LLC ("LHT") petitions for rehearing of a published opinion in which we affirmed the trial court's grant of a motion to dismiss for lack of subject matter jurisdiction. *LHT Capital v. Ind. Horse Racing Comm.*, 891 N.E.2d 646 (Ind.Ct.App.2008). We held that LHT had failed to exhaust its administrative remedies by failing to raise the constitutionality and legality of 71 Ind. Admin.Code § 11–1–13(d) ("Emergency Rule") before the Commission and that LHT's failure to exhaust its administrative remedies was not excused based upon futility or the fact that LHT was arguing facial invalidity and unconstitutionality.

In its petition for rehearing, LHT does not appear to challenge the holding that it failed to exhaust its administrative remedies. Rather, LHT argues that the reasoning in the opinion conflicts with Indiana Supreme Court precedent regarding the exceptions to the exhaustion of administrative remedies requirement. LHT's arguments are incorrect.

### A. Futility.

We held in the opinion:

The exhaustion of administrative remedies may be excused if the exercise would be futile. *M–Plan[, Inc. v. Indiana Comprehensive Health Ins. Ass'n,* 809 N.E.2d 834, 839 (Ind.2004).] However, "the exhaustion requirement . . . should not be dispensed with lightly on grounds of 'futility.'" *Id.* "To prevail upon a claim of futility, 'one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances.'" *[Johnson v. Celebration Fireworks, Inc.,* 829 N.E.2d 979, 984 (Ind.2005) ] (quoting *M–Plan,* 809 N.E.2d at 840).

*LHT,* 891 N.E.2d at 654. We rejected LHT's futility argument as follows:

LHT argues that presentation of the constitutionality and legality of the Emergency Rule to the Commission would have been futile because the Commission's counsel had informed LHT that the Commission had "declined to hear any challenge to the validity and constitutionality of its emergency rule and transfer tax." Appellant's Brief at 16. Again, there is no evidence in the record of the alleged discussion between the Commission's counsel and LHT's counsel. *See supra* note 4. We remind LHT that "[i]t is well settled that matters outside the record cannot be considered by this court on appeal." *Schaefer*

*[v. Kumar,* 804 N.E.2d 184, 187 n. 3 (Ind.Ct.App.2004), *trans. denied.]* LHT has failed to demonstrate that presentation of the issue to the Commission was futile. *See, e.g., Celebration Fireworks,* 829 N.E.2d at 984 (rejecting the appellant's futility argument and noting that "the mere fact that an administrative agency might refuse to provide the relief requested does not amount to futility"). *Id.*

■ On rehearing, LHT argues that presentation of the constitutionality of the Emergency Rule to the Commission was futile because the agency was "incompetent to decide constitutional issues. . . ." Petition for Reh'g at 7. However, on appeal, LHT argued that presentation of the issue to the Commission was futile because "the Commission had already communicated to LHT [through the Commission's counsel] that it declined to hear any challenge to the validity and constitutionality of its emergency rule and transfer tax." Appellant's Brief at 16. LHT attempts to change its argument on rehearing, which it is not permitted to do. *See, e.g., Fields v. State,* 179 Ind.App. 421, 425, 386 N.E.2d 184, 186 (1979) (holding that any issue raised for the first time in a petition for rehearing is waived).

### B. Legality and Constitutionality.

In the opinion, we held:

Under some circumstances, the Indiana Supreme Court has concluded that a litigant may bypass the exhaustion of administrative remedies where "a statute is void on its face," and "if an agency's action is challenged as being ultra vires and void." *Ind. Dep't of Envtl. Mgmt. v. Twin Eagle LLC,* 798 N.E.2d 839, 844 (Ind.2003). However, "[e]ven if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to

resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Id.; see also Celebration Fireworks,* 829 N.E.2d at 982.

*LHT,* 891 N.E.2d at 654–655..

On rehearing, LHT argues that this holding conflicts with the Indiana Supreme Court's holding in *Twin Eagle.* LHT argues that we reversed the two sentences, resulting in the imposition of "a condition on the exception that destroys the exception." Petition for Reh'g at 2. LHT misinterprets our opinion and the Indiana Supreme Court's decisions. The opinion is consistent with the Indiana Supreme Court's decisions on exhaustion of administrative review.

While, in general, exhaustion of administrative remedies is required, if the party challenges the constitutionality or legality of the statute or regulation then exhaustion *may* not be required. Under LHT's interpretation, exhaustion of administrative remedies is not required any time a party claims that a statute or regulation is void. That is simply not the case. Additionally, LHT's interpretation would ignore the Indiana Supreme Court's repeated holding that even where "the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Celebration Fireworks,* 829 N.E.2d at 982.

■ It is hornbook administrative law that potential plaintiffs must first exhaust their administrative remedies before seeking judicial relief. *Indiana State Bd. of Public Welfare v. Tioga Pines Living Center, Inc.,* 575 N.E.2d 303, 307 (Ind.Ct.App.

1991). However, there are three recognized exceptions to this rule: direct resort to the courts is justified where (1) compliance with the rule would be futile, (2) the statute is charged to be void on its face, or (3) irreparable injury would result. *Id.; State Bd. of Tax Com'rs v. Ispat Inland, Inc.,* 784 N.E.2d 477, 483 (Ind.2003) ("In a few exceptional instances, however, a party may gain judicial review without satisfying the prerequisite. The leap is sometimes justified where pursuit of administrative remedies would be futile, where strict compliance would cause irreparable harm, and where the applicable statute is alleged to be void on its face.").

The Indiana Supreme Court held in *Twin Eagle* that, under some circumstances, a litigant will be excused from the exhaustion of administrative remedies requirement where the litigant is raising a constitutional issue.

Even if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues. Ordinarily, an administrative agency must resolve factual issues before the trial court acquires subject matter jurisdiction. But exhaustion of administrative remedies is not required if a statute is void on its face, and it may not be appropriate if an agency's action is challenged as being ultra vires and void. More generally, if an action is brought upon the theory that the agency lacks the jurisdiction to act in a particular area, exhaustion of remedies is not required. To the extent the issue turns on statutory construction, whether an agency possesses jurisdiction over a matter is a question of law for the courts.

*Twin Eagle,* 798 N.E.2d at 844 (internal citations omitted).

Similarly, in *Celebration Fireworks,* the Indiana Supreme Court held that a fireworks seller was required to exhaust its administrative remedies prior to seeking judicial review even though it argued that the Fire Marshall's requirement was "ultra vires and void." 829 N.E.2d at 983. The Court again noted that even where "the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Id.* at 982. The Court also emphasized that, although a valid claim that the statute is void may "obviate the need to go through the administrative process, ... that statement standing alone does not provide a basis for avoiding administrative review." *Id.* at 983. *See also M–Plan, Inc. v. Indiana Comprehensive Health Ins. Ass'n,* 809 N.E.2d 834 (Ind.2004) (rejecting the HMO's argument that exhaustion of administrative remedies was not required because the challenged assessment methodology was both unauthorized and unconstitutional).

■ Many Indiana Supreme Court cases have required exhaustion of administrative remedies despite an argument that a statute or regulation is void or unconstitutional. We properly relied upon the Indiana Supreme Court's holding that even where "the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Twin Eagle,* 798 N.E.2d at 844; *Celebration Fireworks,* 829 N.E.2d at 982. In doing so, we held:

[W]e note that LHT filed its petition with the Commission and negotiated an agreement that allowed for a quick resolution of the petition, which LHT and Indiana Downs wanted so that Indiana Downs could meet the November 2007 slot machine licensing fee requirements. LHT did not raise the constitutionality of the Emergency Rule before the Commission and accepted the benefits of its agreement and the Commission's order allowing the transfer of ownership of its shares in Indiana Downs. The benefits of such negotiation with an agency were observed by the Indiana Supreme Court in *M–Plan,* 809 N.E.2d at 839, where the Court noted: "As a practical matter, requiring resort first to the Board and then to the Commissioner may avoid, by negotiation, issues raised by a complex formula that necessarily works from time to time to the advantage or disadvantage of individual members." We conclude that this is a case where "[e]ven if the ground of the complaint is the unconstitutionality of the statute, which may be beyond the agency's power to resolve, exhaustion of administrative remedies may still be required because administrative action may resolve the case on other grounds without confronting broader legal issues." *Twin Eagle,* 798 N.E.2d at 844; *see also Celebration Fireworks,* 829 N.E.2d at 982. The settlement allowed the parties to resolve the petition without confronting the broader legal issues. Having accepted the benefits of the arrangement, LHT cannot now argue that the Emergency Rule is invalid and unconstitutional and that it is entitled to a refund of the $ 9 million transfer fee.

*LHT,* 891 N.E.2d at 656.

LHT argues that it was left with a "Hobson's choice" of agreeing to the transfer tax and obtaining the racino license or

challenging the validity of the Emergency Rule before the Commission. We addressed this problem above when we noted that LHT decided to negotiate with the Commission and accepted the benefits of the agreement in order to obtain a timely racino license. *Id.* Moreover, the Commission correctly points out in its response brief that "LHT could have notified the Commission of its reservation of rights to challenge the Emergency Rule, LHT could have filed a declaratory judgment lawsuit and sought expedited handling (due to the impending deadline for the $250 million license fee), or LHT could have sought emergency injunctive relief. LHT did none of those, instead electing to mislead the Commission about its agreement with the transfer fee so LHT could benefit from the Commission's favorable decision by reaping a $40 million profit." Commission's Response to Petition for Reh'g at 4 n. 2.

 Finally, LHT argues in a footnote that the action would not have to be remanded if it prevailed on its arguments. *See* Petition for Reh'g at 6 n. 5. We noted in the opinion:

> Although LHT asks that we determine that the trial court erred by granting the motion to dismiss, LHT also asks that we decide *on the merits* that the Commission's Emergency Rule, 71 Ind. Admin. Code § 11–1–13(d), is facially invalid and unconstitutional. Additionally, the Commission asks that, if we determine the trial court erred by granting the motion to dismiss based upon failure to exhaust administrative remedies, that we affirm the dismissal under Ind. Trial Rule 12(B)(6) due to the parties' settlement agreement. Indiana Downs filed an appellee's brief arguing that, in the event that we determine the trial court erred by dismissing LHT's petition for judicial review, "the only appropriate remedy would be to remand this matter to the trial court for further adjudication on the merits." Appellee's Brief of Indiana Downs at 3. Indiana Downs pointed out that it may have counterclaims against LHT that would require consideration by the trial court. We note that, even if we had reversed the trial court's dismissal for lack of subject matter jurisdiction, significant issues would remain regarding the settlement agreement. Those issues were not fully briefed by the parties and would require consideration by the trial court. Thus, even if we had determined that the trial court erred by granting the motion to dismiss, the appropriate remedy would be to remand to the trial court for consideration of LHT's petition on the merits.

*LHT,* 891 N.E.2d at 657 n. 9. According to LHT, the Commission was not a party to the settlement agreement and "[w]hatever contractual rights may be asserted therein are not a necessary part of this action." Petition for Reh'g at 6 n. 5. We must disagree. Even if LHT had prevailed on its argument that the trial court had subject matter jurisdiction and the Emergency Rule was invalid, remand to the trial court would be necessary. The settlement agreement included specific provisions purporting to prevent LHT from bringing this action and included language purporting to release claims against the Commission and release claims for a refund from the Commission. Even if LHT had succeeded, the trial court would have been required to consider the language of the settlement agreement before ordering the Commission to refund money to LHT.

For the foregoing reasons, we deny LHT's petition for rehearing.

BAKER, C.J. and MATHIAS, J. concur.